E. B. BROWN, Appellant, v. WILLIAM LAHART.

RESERVATION FROM DEED: *Evidence held to show.* In a suit to quiet title the plaintiff was the grantee named in a deed conveying the lot "except —— feet off the east side of the same." The preponderance of the evidence showed that he had agreed that he would

not record the deed until this blank was filled with the width covered by a stairway, to be ascertained subsequent to the execution and delivery of the deed. *Held*, that a decree that the east four and a half feet of this lot, this being the width covered by the stairway was not conveyed by the deed, would not be disturbed.

*Appeal from Monroe District Court.*—HON. F. W. EICHELBERGER, Judge.

TUESDAY, MAY 25, 1897.

ACTION in equity to quiet the title to lot 4, block 1, in the town of Melrose, Monroe county, Iowa, in the plaintiff, as against the defendant. Decree was rendered dismissing plaintiff's petition, from which he appeals.—*Affirmed.*

*T. B. Perry* for appellant.

*Ed. Morrison* and *J. R. Hurford* for appellee.

GIVEN, J.—The contention is as to the east four and one-half feet of said lot 4. Plaintiff claims under a deed duly executed by Jane A. Stoddard to him March 30, 1894, conveying "lot four (4), except —— feet off of the east side of the same, and lot No. nine (9), all in block No. one (1), of the town of Melrose," which deed was recorded April 14, 1894. The defendant claims under a deed duly executed by Jane A. Stoddard to him April 20, 1894, conveying to him said four and one-half feet, which deed was recorded April 27, 1894. Plaintiff contends that, by said deed to him, all of said lot 4 was conveyed. Defendant contends that said four and one-half feet was not included in the sale to the plaintiff; that it was expressly reserved therefrom; that, the exact width of said strip not being known to the agent of Mrs. Stoddard, the blank was left as shown above, to be filled up by Mrs. Stoddard; that, she having returned the deed duly executed without filling the blank, it was delivered by her agent to the plaintiff, upon payment of the purchase price, in pursuance of an oral agreement that plaintiff would not file the deed for record until said agent could ascertain from the records the width of said strip, and insert it in the deed. The plaintiff denies that the purchase was of less than the whole lot, or that there ever was such an oral agreement, and herein we have the real dispute. On this issue of fact, the evidence is in irreconcilable conflict. We will not set it out, nor discuss it, as to do so will serve no useful purpose, and consume space unnecessarily. It is sufficient to say that, in our view of it, the preponderance is in favor of the conclusion that the plaintiff purchased said lot 4, less a strip on the east side thereof, equal in width to that covered by the stairway to the building next on the east; that that strip is four and one-half feet

wide; and that the deed was delivered with the agreement that the proper width should be written therein before the deed would be recorded.—AFFIRMED.